## LEO v. CORNELL STEAMBOAT CO.

(Supreme Court, Appellate Term.   January 7, 1904.)

1. CONTRACT TO TOW CANAL BOAT—PROOF—SUFFICIENCY.

In an action for breach of contract to furnish a tug to tow a canal boat from S. to W., there was evidence that the captain of the canal boat telephoned to the office of the defendant for that purpose, and received a reply, "We will attend to you; we will have you out of there." The next day plaintiff, the owner of the canal boat, went to defendant's office and asked to have his boat "got out from there as quick as they could," and was told that defendants would get her out "as soon as they could." Plaintiff further testified that he went "the second time, and the young man told me there was a boat up the river, and she would go in and get him out of there; so I went the third time, and he would not talk to me at all about the matter; then I went out and hired a special tug, and went up after the boat myself." *Held* sufficient to sustain a finding that defendant agreed to tow the plaintiff's canal boat from S. to W. within a reasonable time.

2. SAME—REASONABLE TIME—QUESTION OF FACT.

Where defendant agreed to tow plaintiff's canal boat from S. to W. within a reasonable time, what will constitute a reasonable time is a question of fact to be determined from all the circumstances as shown by the evidence and the legitimate inferences that may be drawn therefrom.

3. SAME—BREACH—PROOF—SUFFICIENCY.

In an action for breach of contract, made on or about December 29th, to tow a canal boat from S. to W. within a reasonable time, defendant introduced evidence tending to show that the conditions of the river at that time of the year rendered navigation very dangerous, heavy ice running in the channels, and the flats being frozen, but defendant did not show that it made the slightest effort to get the canal boat. There was no dispute but that the tug finally engaged by the plaintiff, on January 8th following, towed plaintiff's boat to W. The captain of the canal boat testified for plaintiff to the effect that, during the time between his notification to defendant and the time he was actually towed down the river, the river was open, and that boats were being towed across it. *Held* sufficient to sustain a finding that defendant had refused to attempt the towing.

4. SAME—EXCUSE FOR NONPERFORMANCE—PROOF—SUFFICIENCY.

The evidence was sufficient to sustain a finding that defendant was not prevented from performance by excusable conditions.

85 N.Y.S.—68

**5. SAME—MEASURE OF RECOVERY.**

In an action for breach of contract to tow a canal boat from S. to W., it appeared that the boat was discharged of her cargo on December 29th, at which time she was ready to leave S., and was towed to W. on January 8th. The defendant made no attempt to show that less than eight days had elapsed from the time the captain telephoned to defendant to do the towing, which was on or about December 29th, and the time she left for W. Plaintiff's bill of particulars filed in the court made claim for eight days' use of the boat, which was allowed. *Held* that, as there was no evidence disputing plaintiff's claim, a contention that the judgment was unreasonable in amount is without merit.

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Daniel Leo against the Cornell Steamboat Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and GREENBAUM, JJ.

Benedict & Benedict, for appellant.

Martin A. Ryan, for respondent.

FREEDMAN, P. J. On or about December 29th the plaintiff's canal boat was lying at Sing Sing, on the Hudson river. Being desirous of being towed from there to Weehawken, the captain of the boat telephoned to the office of the defendant and asked that a tug boat be sent to tow him down. He received a reply saying, "We will attend to you." "We will have you out of there." The next day the plaintiff himself went to the office of the defendant and asked to have his boat "got out from there as quick as they could," and was told "they would get her out as soon as they could." Plaintiff further testified:

"I went the second time, and the young man told me there was a boat up the river and she would go in and get him out of there; so I went the third time, and he would not talk to me at all about the matter. Then I went out and hired a special tug, and went up after the boat myself."

From this testimony the trial judge evidently found, and correctly, that the defendant agreed to tow plaintiff's boat from Sing Sing to Weehawken within a reasonable time. What was a reasonable time was a question of fact to be determined from all the circumstances as shown by the testimony and the legitimate inferences that might be drawn therefrom.

The defendant introduced testimony tending to show that the conditions of the river at that time of the year rendered navigation very dangerous, heavy ice running in the channels, and the flats being frozen, but it did not show that it made the slightest effort to get the canal boat, and there is no dispute but that the tug finally engaged by the plaintiff on January 8, 1903, towed plaintiff's boat to her destination, after the defendant had practically abandoned the contract. There was also testimony on the part of the captain of plaintiff's boat at the time to the effect that, during the time between his notification to defendant and the time he was actually towed down the river, the river was open, and that boats were being towed across it. The court below was justified in holding that the defendant had absolutely

refused to attempt the towing, and also in holding that the defendant was not prevented from performance by excusable conditions.

The boat discharged of her cargo on December 29th, and was towed to Weehawken on January 8th, a period of ten days having elapsed between her being discharged and being taken from Sing Sing. The defendant made no attempt to show that less than eight days had elapsed from the time the captain telephoned to defendant and the time she left for Weehawken. Plaintiff's bill of particulars filed herein makes claim, and there was no evidence disputing it, and the court below allowed, for loss of eight days' use of the boat. The criticism of the appellant that the judgment is unreasonable as to that charge is therefore unfounded.

Judgment affirmed, with costs. All concur.